# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TANDA VAUGHN,                                :

                                                                          Case No. 3:08-cv-377

              Plaintiff,

            -vs-                                         District Judge Walter Herbert Rice
                                                                       Magistrate Judge Michael R. Merz

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,


              Defendant.                :

# REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Allowance of Attorney Fees. (Doc. 19). Pursuant S.D. Ohio Civ.R. 7.3, Plaintiff has represented that while the Commissioner cannot consent to a fee under the Act, he does not object to the reasonableness of the requested fee. PageID 99.

Plaintiff has moved the Court for the allowance of attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), ("the Act"), in the amount of Five Thousand Three Hundred Dollars ($5,300.00). *Id.*

In support of his present Motion, Plaintiff has submitted a copy of the fee agreement she entered into with her counsel pursuant to which Plaintiff agreed to pay counsel 25% of past-due benefits. PageID 106. In addition, Plaintiff has submitted a copy of the award letter from the Commissioner advising Plaintiff that the agency had withheld $9,538.75 from Plaintiff's past due

benefits for the payment of attorney fees which amount represents 25% of Plaintiff's past due benefits. PageID 110. Finally, Plaintiff has submitted counsel's affidavit which reflects, *inter alia,* that there were 17.50 attorney hours expended pursuing this matter on Plaintiff's behalf. PageID 103-04.

Section 206(b) of the Social Security Act, 42 U.S.C. §406(b), authorizes courts to award attorney fees after the successful prosecution of social security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id.*

The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past due benefits. *Gisbrecht v. Barnhart,* 535 U.S. 789, 804 (2002). In determining an award of attorney fees under the Social Security Act pursuant to a contingent fee agreement, the court must look at the contingent fee agreement and test it for reasonableness. *Id.* at 808. Of course, contingent fee agreements are unenforceable to the extent that they provide for fees in excess of the statutory limit of 25% of past due benefits. *Id.* at 807, citing 42 U.S.C. § 406(b)(1)(A). Within the 25% boundary, the attorney for the successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered. *Gisbrecht,* 535 U.S. at 807. Section 406(b) "does not displace contingent-fee agreements" but rather "calls for the court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

In the Sixth Circuit, there several leading cases on the award of attorney fees in successful social security appeals.

2

In *Webb v. Richardson,* 472 F.2d 529 (6th Cir. 1972), *overruled on other grounds, Horenstein v. Secretary of Health and Human Services,* 35 F.3d 261 (6th Cir. 1994), the Court expressed its concern that delay in the judicial processing of social security appeals would inflate awards of fees because the mere passage of time would increase the past due benefits from which the fee award would be made.[1] Therefore, *Webb* limited the length of time that could be used to compute the amount of past-due benefits which would be subject to the award of attorney fees. The court held that "[i]n no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months [of the case being at issue]." *Webb,* 472 F.2d at 538. The Sixth Circuit reaffirmed the temporal limitation of *Webb* in *Dearing v. Secretary of Health and Human Services,* 815 F.2d 1082 (6th Cir. 1987).

In *Rodriquez v. Bowen,* 865 F.2d 739 (6th Cir. 1989), the court addressed the question of contingent fee agreements in social security appeals. The court held that a 25% fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Id.* at 746. In addition, the *Rodriquez* court stated:

> Deductions generally should fall into two categories: (1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.

*Id.*

In *Royzer v. Secretary of Health and Human Services,* 900 F.2d 981 (6th Cir. 1990), the court applied *Rodriquez* in a situation where the district court had reduced a request for attorney

---

[1] In *Webb,* the Sixth Circuit also adopted the single forum rule. However, the Court abandoned that rule in *Horenstein.*

fees in a case where there was a contingent fee agreement solely because the fee agreement would have resulted in what the district court perceived as a higher than normal hourly rate. In rejecting the district court's approach, the *Royzer* court said:

> Although [counsel] did not bill on an hourly basis, the district court computed his hourly rate by dividing the hours worked into the amount of the requested fee. The result was an hourly rate of $151.51. We tend to agree with the trial judge that, viewed as an hourly rate billing, this is on the high side; however, this is not an hourly rate billing. It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge computed it here. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and under compensate in others. It is the nature of the beast.

*Id.* at 982. The *Royzer* court did not reject the idea that a district judge could never reduce a contingent fee agreement to an hourly rate as part of the calculation of an appropriate fee. However, the court did stress that if there is to be a reduction in a contingent fee request, it must be in accordance with the standards set forth in *Rodriquez*.

In *Hayes v. Secretary of Health and Human Services,* 923 F.2d 418 (6th Cir. 1990), the court elaborated on *Royzer*. The *Hayes* court said that "under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted by the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. In other words, in a contingent fee case, unless and until the hypothetical hourly rate exceeds twice the standard rate, a court may not conclude that the requested fee is a windfall. *Id.* The *Hayes* court also said that it was not limiting the discretion vested in the district courts to make

deductions for improper attorney conduct or ineffectiveness of counsel. *Id.*

With these principles in mind, the Court turns to the present Motion.

As reflected by the Commissioner's award letter, counsel's currently requested fee of $5,300.00 represents less than 25% of Plaintiff's past due benefits. Further, as counsel's affidavit indicates, there were 17.50 attorney hours spent representing Plaintiff in this matter. Accordingly, counsel's currently requested fee equals an hourly rate of $302.86. Using a conservative hourly fee of $180.00 and multiplying the number of hours counsel expended, the resulting product is $3,150.00. Counsel's currently requested fee is less than twice that product. Pursuant to *Hayes,* then, the requested fee would not result a windfall and this Court so finds. Finally, the Court notes that there have been no allegations of, nor has the Court found any instances of, improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee.

It is therefore recommended that Plaintiff's Motion for Allowance of Attorney, (Doc. 19), be granted to the extent and that Plaintiff be awarded fees in the amount of $5,300.00.

August 20, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

J:\\Social_Security\Vaughn _fees.docx

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).